Mr. Driggs (Medaugh & Driggs), for assignee.

LONGYEAR, District Judge. That the sale was fraudulent as to creditors, and in violation of the bankrupt act as to bankrupt, has been already adjudicated in this court in another branch of the matter, and it is, in fact, conceded. There is also prima facie evidence of fraud in the purchase affecting Dean, in this, that the sale (so far as the goods kept in and sold at the store are concerned) was not made in the usual and ordinary course of business of the bankrupt—his usual and ordinary course of business being a retail business, and this being a sale at wholesale—section 35. This in no manner affects the sale of so much of the paper as was sold at the paper-mill, the usual and ordinary course of business there being to sell in quantities. The burden was upon Dean to rebut that prima facie evidence of fraud. Has he done so? He has shown by his own testimony and that of the bankrupt and his brother, James Pusey, that he paid in cash a full and fair consideration for the purchase at the time of the sale. This is in no manner contradicted by any direct evidence in the case, but on the contrary, is corroborated by the testimony of Mr. Leadbeater, a disinterested and credible witness, showing that on the very day he went to Ypsilanti to make the purchase he borrowed fifteen hundred dollars of the witness for the ostensible purpose, stated at the time, of being used in the purchase. As the case stands upon the proofs, therefore, it must be held that the sale was made for a then present consideration paid in cash, and that the same was adequate. There is an entire lack of any testimony from which it may be reasonably inferred that Dean then had reasonable cause to believe the bankrupt to be insolvent, or to be acting in contemplation of insolvency, or to defraud his creditors, or in any manner in fraud of the bankrupt act.

There are some suspicious circumstances pointed out by counsel upon the argument, and also some apparent conflict and discrepancies in the testimony, especially in Dean's. I have looked into these and do not consider them of sufficient weight to overcome the direct, positive testimony on the one hand, and the entire lack of testimony on the other. Under these circumstances it is clear to my mind that the prima facie evidence of fraud is rebutted, and that the prayer of the petitioner for the return of the property must be granted. The circumstances were such as to fully justify the assignee in holding on to the property until an adjudication could be had, and I shall not impose costs against the estate.

PUSEY (UNITED STATES v.). See Case No. 16,098.

PUTNAM (BARING v.). See Case No. 984.

## Case No. 11,479.

PUTNAM v. HAMMER et al.

[Cited in Putnam v. Keystone Bottle-Stopper Co., 38 Fed. 235. Nowhere reported; opinion not now accessible.]

## Case No. 11,480.

PUTNAM v. HICKEY et al.

[5 Fish. Pat. Cas. 334; 3 Biss. 157; 2 O. G. 225.] [1]

Circuit Court, E. D. Wisconsin. Feb. 24, 1872.

PATENTS — BOTTLE-STOPPER FASTENER — VALIDITY —INFRINGEMENT.

1. Letters patent granted to H. W. Putnam for "improved bottle-stopper fastener," March 15, 1859, reissued January 24, 1864, are valid.

2. A bottle-stopper fastener, formed of wire, and bent into a U-shape at the part where it passes over the cork, so as to embrace the plunger of the bottling machine, and thus permit the bale to be swung up over the cork before the plunger is withdrawn, is not anticipated by those fasteners which have no provision for receiving the plunger of a bottling-machine.

In equity. Final hearing on pleadings and proofs. Suit brought [by H. W. Putnam against Sephreness Hickey and others] on letters patent [No. 23,263] for an "improved bottle-stopper fastener," granted to complainant, March 15, 1859, and reissued January 24, 1864 [No. 1,606]. The invention is fully described in the opinion, and is illustrated by the accompanying engraving, which also shows one of the forms of the stopper-fasteners described in the Chalus patent, and by which it was insisted by the defendants the invention of Putnam was anticipated.

Chalus.

Putnam.

[1] [Reported by Samuel S. Fisher, Esq., and by Josiah H. Bissell, Esq., and here compiled and reprinted by permission.]